UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

LOVETTA S. NELSON,

                             Plaintiff,

      -v-

MOUNT VERNON CITY SCHOOL DISTRICT and
DR. HASNA MUHAMMAD, as Assistant
Superintendent of Human Resources and individually,

                             Defendants.

---

No. 15-CV-8276 (KMK)

OPINION & ORDER

Appearances:

Paula J. Kelly, Esq.
Law Offices of Paula Johnson Kelly
New Rochelle, NY
*Counsel for Plaintiff*

Gerald S. Smith, Jr., Esq.
Karen C. Rudnicki, Esq.
Silverman & Associates
White Plains, NY
*Counsel for Defendants*

KENNETH M. KARAS, District Judge:

      Plaintiff Lovetta S. Nelson ("Plaintiff") brings this Action against the Mount Vernon City

School District ("School District" or "District") and Dr. Hasna Muhammad ("Dr. Muhammad"

and collectively, "Defendants"), alleging that Defendants unlawfully retaliated against her for

making complaints about sexual harassment in violation of Title VII of the Civil Rights Act

("Title VII"), 42 U.S.C. § 2000e et seq., and the New York State Human Rights Law

("NYSHRL"), N.Y. Exec. Law § 290 et seq. (*See generally* Am. Compl. (Dkt. No. 15).)

Defendants have filed a Partial Motion To Dismiss the Amended Complaint pursuant to Federal

Rule of Civil Procedure 12(b)(1) (the "Motion"), seeking to dismiss Plaintiff's NYSHRL claims. (Dkt. No. 16.)  For the reasons stated below, the Motion is granted in part and denied in part.

I.  Background

A.  Factual Background

The following facts are drawn from Plaintiff's Amended Complaint and the documents appended thereto, and are taken as true for the purpose of resolving the Motion.  Only the facts necessary to the resolution of the Motion are recounted below.

Plaintiff began working for the School District in 2007 as a per diem substitute teacher. (Am. Compl. ¶ 14.)  Plaintiff continued in that position until 2013.  (*Id.* ¶ 15.)  In January 2013, the School District hired Dr. Muhammad to serve as the Assistant Superintendent of Human Resources.  (*Id.* ¶ 23.)  On February 28, 2013, Plaintiff was summoned to a meeting with Dr. Muhammad, during which Dr. Muhammad questioned Plaintiff about a sexual misconduct complaint Plaintiff made in January 2011 against a fellow teacher.  (*Id.* ¶¶ 24, 67.)  Dr. Muhammad stated she was going to be "looking into" the incident, (*id.* ¶ 24 (internal quotation marks omitted)), and informed Plaintiff that Plaintiff's name was going to be removed from the "active" substitute teacher list for the duration of the investigation, (*id.* ¶ 25 (internal quotation marks omitted)).

Before this initial meeting with Dr. Muhammad, Plaintiff had been assigned to work as a substitute teacher at the Longfellow Elementary School in March 2013.  (*Id.* ¶ 29.)  Plaintiff continued to appear as assigned despite Dr. Muhammad's indication that Plaintiff was being removed from the substitute teaching list.  (*Id.*)  On March 11, 2013, Plaintiff was removed from a classroom at Longfellow and directed to appear again before Dr. Muhammad.  (*Id.* ¶ 30.)  Dr. Muhammad stated that she was still looking into the sexual harassment complaint and told

2

Plaintiff that she was suspended until Dr. Muhammad told her otherwise. (*Id.*) Plaintiff nonetheless accepted other substitute teaching assignments in the District in April and May 2013. (*Id.* ¶ 43.)

On September 24, 2013, Dr. Muhammad sent Plaintiff a memorandum stating that Plaintiff had been insubordinate by accepting substitute teaching positions in the District and informed Plaintiff that she could no longer serve as a substitute teacher. (*Id.* ¶¶ 44–47; *see also id.* Ex. 4.) Plaintiff thereafter submitted a letter to the School District's Superintendent, dated October 1, 2013, stating that Dr. Muhammad's actions were discriminatory. (*Id.* ¶ 50; *see also id.* Ex. 3-A.) The Superintendent did not respond to the letter. (*Id.* ¶ 50.)

Throughout November and December 2013, Plaintiff's counsel communicated with the Superintendent and counsel for the School District. First, on November 8, 2013, Plaintiff's counsel sent a letter to the Superintendent in an attempt to resolve the matter. (*Id.* ¶ 51; *see also id.* Ex. 3-B.) Plaintiff did not receive a response from the Superintendent. Plaintiff's counsel was thereafter contacted by a lawyer for the School District, who represented that he was "authorized to discuss the . . . matter with [Plaintiff's counsel] in all respects." (*Id.* Ex. 3-C.) On November 29, 2013, Plaintiff's counsel submitted a settlement demand letter to the School District's counsel. (*Id.* Ex. 3-D.) The letter noted that Plaintiff understood that counsel for the School District had to present the settlement proposal to the Board of Directors for the School District before a settlement could be reached. (*Id.* Ex. 3-D, at 2.) After failing to hear from counsel for the School District for several weeks, Plaintiff's counsel sent an email to the School District's counsel asking him whether he presented the settlement proposal to the Board of Directors, and informing the School District of Plaintiff's intention to file a charge of retaliation with the Equal Employment Opportunity Commission ("EEOC"). (*Id.* Ex. 3-E.) Plaintiff did not

receive a response to these communications.  (*Id.* ¶ 53.)  In January 2014, Plaintiff filed a charge with the EEOC, alleging Defendants violated Title VII.  (*Id.* ¶ 54.)[1]

In August 2014, Plaintiff applied to be a substitute teacher for the School District, the same position she held before Dr. Muhammad fired her.  Plaintiff was advised by a District representative that the District was not hiring.  (*Id.* ¶ 58.)  Plaintiff alleges that the School District hired other substitute teachers for the 2014−2015 school year.  (*Id.* ¶ 59.)  After Plaintiff learned that the School District was in fact hiring, Plaintiff attempted to apply a second time. (*Id.* ¶ 60.)  A different School District employee informed Plaintiff that Plaintiff could not be given an application "because of what Dr. Muhammad said."  (*Id.* (internal quotation marks omitted).)

Plaintiff again attempted in August or September 2015 to apply for substitute teaching positions with the School District.  (*Id.* ¶ 62.)  School District employees did not return Plaintiff's calls inquiring about being re-hired by the School District.  (*Id.*)

Plaintiff alleges that Defendants' decision to suspend and terminate her employment with the School District was in retaliation for complaining about sexual harassment in 2011.  (*Id.* ¶¶ 67–69.)  The School District's retaliatory conduct allegedly continues to this day because it will not allow Plaintiff to resume her employment as a substitute teacher.  (*Id.* ¶ 64.)

B.  Procedural Background

Plaintiff filed the Complaint on October 20, 2015.  (Dkt. No. 1.)  Defendants filed a pre-motion letter on December 8, 2015, seeking leave to file a motion to dismiss the Complaint on the grounds, among others, that Plaintiff's NYSHRL claims were barred because Plaintiff did not timely file a notice of claim and, in any event, the claims were barred by the applicable statute of

---

[1] Plaintiff amended the EEOC charge in April 2015.  (Am. Compl. ¶ 61; *see also id.* Ex. 1-A.)

limitations.  (Dkt. No. 11.)  Following a pre-motion conference, Plaintiff filed an Amended

Complaint on March 18, 2016.  (Dkt. No. 15.)  Defendants filed the Motion and accompanying

papers on April 29, 2016.  (Dkt. Nos. 16–19.)  Plaintiff filed her papers in opposition to the

Motion on June 3, 2016.  (Dkt. Nos. 22–23.)  Defendants filed their reply brief in further support

of the Motion on June 17, 2016.  (Dkt. No. 24.)

## II.  Discussion

Defendants argue that Plaintiff's state-law claims must be dismissed because Plaintiff did

not timely file this Action.  Even if Plaintiff's NYSHRL claims are not barred by the applicable

statute of limitations, Defendants contend that the Court lacks subject matter jurisdiction over the

claims because Plaintiff did not file a notice of claim with the School District's governing

body—the Board of Directors.  Because the Court finds persuasive Defendants' second

argument, the Court declines to address the statute of limitations issue.

### A.  Standard of Review

"A federal court has subject matter jurisdiction over a cause of action only when it has

authority to adjudicate the cause pressed in the complaint."  *Bryant v. Steele*, 25 F. Supp. 3d 233,

241 (E.D.N.Y. 2014) (internal quotation marks omitted).  "Determining the existence of subject

matter jurisdiction is a threshold inquiry[,] and a claim is properly dismissed for lack of subject

matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or

constitutional power to adjudicate it."  *Morrison v. Nat'l Austl. Bank Ltd.*, 547 F.3d 167, 170 (2d

Cir. 2008) (internal quotation marks omitted), *aff'd*, 561 U.S. 247 (2010).  While a district court

resolving a motion to dismiss under Rule 12(b)(1) "must take all uncontroverted facts in the

complaint . . . as true, and draw all reasonable inferences in favor of the party asserting

jurisdiction," "where jurisdictional facts are placed in dispute, the court has the power and

obligation to decide issues of fact by reference to evidence outside the pleadings, such as

affidavits," in which case "the party asserting subject matter jurisdiction has the burden of

proving by a preponderance of the evidence that it exists."  *Tandon v. Captain's Cove Marina of*

*Bridgeport, Inc.*, 752 F.3d 239, 243 (2d Cir. 2014) (alteration and internal quotation marks

omitted); *see also Ray Legal Consulting Grp. v. Gray*, 37 F. Supp. 3d 689, 696 (S.D.N.Y. 2014)

("[W]here subject matter jurisdiction is contested a district court is permitted to consider

evidence outside the pleadings, such as affidavits and exhibits.").

      B.  Plaintiff's NYSHRL Claim Against the School District

      NYSHRL claims that "are brought against a school district, board of education, or school

officer are subject to the notice of claim requirements contained in [New York] Education Law

§ 3813(1)."  *Benedith v. Malverne Union Free Sch. Dist.*, 38 F. Supp. 3d 286, 311 (E.D.N.Y.

2014).  As relevant here, Education Law § 3813(1) provides:

> No action or special proceeding, for any cause whatever, . . . shall be prosecuted
> or maintained against any school district, board of education, . . . or any officer of
> a school district, [or] board of education . . . unless it shall appear by and as an
> allegation in the complaint or necessary moving papers that a written verified
> claim upon which such action or special proceeding is founded was presented to
> the governing body of said district or school within three months after the accrual
> of such claim . . . .

N.Y. Educ. Law § 3813(1); *see also Marino v. Chester Union Free Sch. Dist.*, 859 F. Supp. 2d

566, 570 (S.D.N.Y. 2012) ("Section 3813(1) of [the] New York State Education Law provides

that no action may be maintained against a school district unless notice of claim was served

within three months of the date on which the claim accrued.").  "Th[is] statutory prerequisite is

not satisfied by presentment to any other individual or body, and, moreover, the statute permits

no exception regardless of whether the [governing body] had actual knowledge of the claim or

failed to demonstrate actual prejudice." *Parochial Bus Sys., Inc. v. Bd. of Educ. of City of N.Y.*, 458 N.E.2d 1241, 1245 (N.Y. 1983).

It is well settled in the Second Circuit "that Education Law § 3813(1) is a statutory condition precedent to a [plaintiff's] bringing of a proceeding against a school district or board of education, and a [plaintiff's] failure to comply is a fatal defect mandating dismissal of the action." *Carlson v. Geneva City Sch. Dist.*, 679 F. Supp. 2d 355, 366 (W.D.N.Y. 2010) (internal quotation marks omitted). Moreover, plaintiffs must plead compliance with § 3813(1)'s requirements. *See Thomas v. N.Y.C. Dep't of Educ.*, 938 F. Supp. 2d 334, 360 (E.D.N.Y. 2013) ("[Section 3813(1)] specifically requires a plaintiff to plead compliance with § 3813(1)'s notice of claim requirements.").

Plaintiff argues that she satisfied § 3813(1)'s notice of claim requirement in two different ways. First, Plaintiff contends that the letters she sent to the School District's Superintendent in October and November 2013 constitute service upon the governing body. (*See* Am. Compl. Exs. 3-A, 3-B.) This argument is unavailing because courts have consistently held that service of a notice of claim upon a superintendent does not satisfy § 3813(1)'s requirements. *See Spoleta Constr. & Dev. Corp. v. Bd. of Educ. of Byron-Bergen Cent. Sch. Dist.*, 634 N.Y.S.2d 300, 301 (App. Div. 1995) ("[The] plaintiff's delivery of the letter to the [s]uperintendent of [s]chools does not constitute service upon the [b]oard."); *Ricketson v. Cambridge Cent. Sch. Dist.*, 611 N.Y.S.2d 49, 50 (App. Div. 1994) (holding that providing notice to the yearbook advisor, the principal, and the superintendent did not satisfy § 3813(1)); *Jackson v. Bd. of Educ., Colton-Pierpoint Cent. Sch. Dist.*, 598 N.Y.S.2d 842, 844 (App. Div. 1993) (holding that the plaintiff failed to satisfy the notice of claim requirement because the plaintiff "served the notice of claim solely on the [s]uperintendent, who [was] not a member of the governing body or the clerk of the

governing body"); *see also Meyer v. William Floyd Union Free Sch. Dist.*, No. 07-CV-2524, 2008 WL 4415271, at \*9 (E.D.N.Y. Sept. 24, 2008) (holding that complaints made to a superintendent and an assistant superintendent of personnel did not satisfy § 3813's requirements).

Second, Plaintiff contends that her counsel's communications with the lawyer representing the School District constitute service on the governing body. This argument is also unavailing because Plaintiff has not cited a single case to support her position. The New York Court of Appeals is clear that service upon a person or entity that is not the governing body is insufficient to satisfy the notice of claim requirement. *See Parochial Bus*, 458 N.E.2d at 1245 (holding that § 3813(1)'s notice of claim requirement "is not satisfied by presentment to any other individual or body"). As Chief Judge Cardozo long ago explained, where the "[l]egislature has said that a particular form of notice, conveyed with particular details to particular public officers, shall be a prerequisite to the right to sue[,] [t]he courts are without power to substitute something else." *Thomann v. City of Rochester*, 176 N.E. 129, 131 (N.Y. 1931). And, Chief Judge Cardozo further explained, what satisfies such a statute (like § 3813) "is not knowledge of the wrong . . . [but] notice of the 'claim.'" *Id.* Moreover, and contrary to Plaintiff's arguments, (*see* Pl.'s Mem. of Law in Opp'n to Defs.' Mot. To Dismiss ("Pl.'s Opp'n") 15 (Dkt. No. 23) (arguing that "presentation by defense counsel satisfied . . . § 3813(1))), the facts alleged in the Amended Complaint and in the documents attached to it do not support the fact that the lawyer ever presented Plaintiff's claims to the Board of Directors. At some point during their communications, the School District's lawyer represented that he was going to or had to present Plaintiff's demands to the Board of Directors in December 2013. (Am. Compl. Ex. 3-E.) Plaintiff does not, however, allege that the School District's lawyer did in fact present Plaintiff's

demands to the Board.  Therefore, Plaintiff's NYSHRL claim fails for much the same reasons as discussed above—she did not timely serve a notice of claim on the governing body.[2]

Accordingly, Plaintiff's NYSHRL claim against the School District is dismissed with prejudice.

### C.  Plaintiff's NYSHRL Claim Against Muhammad

In opposition to Defendants' Motion, Plaintiff agreed to withdraw without prejudice the NYSHRL claim she asserted against Muhammad.  (Pl.'s Opp'n 16.)  The Court assumes that Plaintiff intended to withdraw this claim pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i).  *See Youssef v. Tishman Constr. Corp.*, 744 F.3d 821, 823 (2d Cir. 2014) ("Subject to any applicable federal statute, a plaintiff may voluntarily dismiss an action by filing a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment.").  Accordingly, Defendants' Motion, to the extent that it seeks to dismiss the NYSHRL claim asserted against Muhammad, is denied as moot.  The NYSHRL claim asserted against Muhammad is dismissed without prejudice pursuant to Rule 41(a)(1)(A)(i).  Because the only claim asserted against Muhammad is the NYSHRL claim, Muhammad shall be dismissed from the case.[3]

---

[2] Plaintiff's counsel has submitted an affirmation in opposition to Defendants' Motion containing facts not alleged in the Amended Complaint.  (*See* Dkt. No. 22.)  The affirmation's factual representations, however, do not alter the fact that Plaintiff has not demonstrated compliance with § 3813(1)'s requirements.

[3] Plaintiff's Amended Complaint is not the model of clarity.  It is possible Plaintiff sought to assert a Title VII claim against Muhammad.  That claim, however, fails as a matter of law because "Title VII does not impose liability on individuals."  *Lore v. City of Syracuse*, 670 F.3d 127, 169 (2d Cir. 2012).  Thus, all of the claims asserted against Muhammad have been dismissed.

### III. Conclusion

For the foregoing reasons, Defendants' Motion is granted in part and denied in part. The NYSHRL claim asserted against the School District is dismissed with prejudice, but the claim asserted against Muhammad is dismissed without prejudice.[4] The Clerk of Court is respectfully directed to terminate the pending Motion, (Dkt. No. 16), and to dismiss Dr. Muhammad from the case.

SO ORDERED.

DATED:      March 22 2017
            White Plains, New York

                                        KENNETH M. KARAS
                                        UNITED STATES DISTRICT JUDGE

---

[4] As this Court's ruling is grounded on Plaintiff's failure to plead compliance with § 3813, and Plaintiff has already been provided with a second opportunity to do so, Plaintiff's NYSHRL claim asserted against the School District is dismissed with prejudice. *See Denny v. Barber*, 576 F.2d 465, 471 (2d Cir. 1978) (holding that the plaintiff was not entitled to "a third go-around"); *Melvin v. County of Westchester*, No. 14-CV-2995, 2016 WL 1254394, at *24 n.19 (S.D.N.Y. Mar. 29, 2016) (granting motion to dismiss with prejudice where "[the] [p]laintiff has already had two bites at the apple, and they have proven fruitless" (alteration and internal quotation marks omitted)).